HARDY, Judge.
This is a suit for damages in the nature of personal injuries sustained by plaintiff as the result of an automobile collision allegedly caused by the negligence of the defendant, Parsons. From a judgment in favor of plaintiff against Parsons and his automobile liability insurer in the principal sum of $667.61, plaintiff has appealed, seeking an increase in the amount of the award.
There is no dispute as to the facts in connection with the occurrence of the accident. Plaintiff was a passenger in a Yellow Cab which was stopped at a street intersection in the City of Shreveport, responsive to a traffic control signal, when the car owned and driven by the defendant, Parsons, crashed into the rear end of the cab, causing the injuries to plaintiff for which he seeks damages. There is no question as to the negligence of the defendant, Parsons, and the only issue tendered by this appeal relates to the quantum of damages.
Plaintiff alleged and testified that he sustained injuries to his neck and back which have caused him considerable pain and disability. In his original petition plaintiff claimed substantial damages for loss of earnings and loss of future earnings, but this claim was formally abandoned when, on trial, it developed that plaintiff had retired from active employment, on a pension, several months prior to the accident. Before this court counsel for plaintiff seeks an increase in the amount of damages for pain and suffering and disability from the sum of $500 allowed by the trial judge to the sum of $2,000, plus an allowance of $100 for future medical treatment. There is no question as to the correctness of the sum of $167.61 representing cost of medical treatment prior to trial.
The record contains a report of Dr. Haynie, whom plaintiff first consulted and by whom he was treated shortly after the accident, and the depositions of Dr. Abram-son, who also treated plaintiff, and Dr. Woolhandler, an x-ray specialist. Examination of the report and depositions of these medical experts does not justify the conclusion that plaintiff sustained any nature of serious injury which could be expected to endure over a long period of time. The injury in the area of the neck was diagnosed as a mild cervical sprain, not of sufficient degree to be classified as a whiplash injury and from which plaintiff recovered in a comparatively brief period of time. The back injury could only be considered as a slight exaggeration of a pre-existing arthritic condition. Plaintiff was 69 years of age, and, according to the testimony of his witness, Dr. Abramson, the arthritic condition from which he had, in all probability, been long suffering, simply flared up for a brief period of time. This witness testified that he did not think plaintiff was completely well when he was injured, and, therefore, complete recovery could not be expected.
There is no conflict in the medical testimony and it clearly indicated that plaintiff’s pain and disability, insofar as caused by the accident, were of a minimal nature and degree. In view of this conclusion, we cannot find that the award was inadequate.
For the reasons assigned, the judgment appealed from is affirmed at appellant’s cost.